**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| STEPHEN ALEXANDER MILLER, | Case No. 26-cv-2314-BAS-JLB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (ECF No. 6)** |
| COUNTY OF SAN DIEGO, *et al*., | |
| Defendants. | |

Plaintiff Stephen Alexander Miller filed suit in federal court under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleged federal and state law claims against multiple Defendants, including: the County of San Diego; Deputy Shawn Gurren; Correctional Healthcare Partners, Inc.; and Teena Pizza, Inc. (*Id*.) Plaintiff is self-represented.

Plaintiff now seeks leave for alternative service to serve Defendant Deputy Shawn Gurren. (ECF No. 6.) Plaintiff has made four attempts to serve Deputy Gurren at the Vista Detention Facility, although all attempts have been unsuccessful. (*Id*.) Employees have confirmed that Deputy Gurren works or reports at the Vista Detention Center. (*Id*.) The attempts were unsuccessful because Deputy Gurren was not available when the process server attempted to serve him. (*Id*.) Plaintiff seeks leave to serve County Counsel, Sheriff Legal, a designated representative at the Sheriff's Department, or any other method the Court deems reasonably calculated to provide notice. (*Id*.)

- 1 -

26cv2314

Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may serve an individual located within the United States by using any method allowed by the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(e)(1). California—the state in which the Court sits—allows for five basic methods of service: (1) personal delivery to the party; (2) delivery to someone else at the party's usual residence or place of business; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. *See* Cal. Code Civ. Proc. §§ 415.10–50. Alternatively, California Code of Civil Procedure section 413.30 permits the court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." Cal. Code Civ. Proc. § 413.30. Section 413.30 permits alternate service without requiring exhaustion of California's other enumerated methods. *See, e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June 25, 2018).

As Rule 4 aims to "provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality," *Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted), courts have utilized section 413.30 to permit alternative service where "plaintiff demonstrated reasonable diligence in its attempts to serve," and where alternative service is "reasonably calculated to give actual notice[.]" *Gnathonic, LLC v. Dingman*, No. 19-cv-01502-VAP (SSX), 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019) (citation omitted).

Even if alternative service is permitted under Rule 4(e)(1), alternative methods "must also comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present

26cv2314

their objections.'" *Id*. at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

Here, Plaintiff, proceeding pro se, has demonstrated reasonable diligence through the multiple attempts to serve Deputy Gurren at the Vista Detention Facility. Plaintiff seeks leave to serve County Counsel, Sheriff Legal, or a designated representative at the Sheriff's Department. The Court finds this method of alternative service to be reasonably calculated to give actual notice to the party to be served, and the Court further finds this method to comport with due process.

Upon review, the Court thus **GRANTS** Plaintiff's motion for alternative service to serve Deputy Gurren through service on County Counsel, Sheriff Legal, or a designated representative at the Sheriff's Department.

**IT IS SO ORDERED.**

**DATED: June 2, 2026**

_____

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2314